## Case No. 16,543a.

### UNITED STATES v. TUCKER.

[Hayw. & H. 269.] [1]

Criminal Court, District of Columbia. June 24, 1847.

OBSTRUCTING HIGHWAY — PROOF OF LEGAL HIGHWAY.

On an indictment for obstructing a public highway, the legality of the highway must be established by the public records of the courts, or the indictment will be dismissed.

The jurors of the United States for Washington county aforesaid, on their oaths to present Enoch Tucker, late of the county aforesaid, merchant, on the 14th day of December, 1846, with force and arms, at the county aforesaid, a certain road being a common highway leading from Bladensburg, Piscataway and the Alexandria Ferry to Bladensburg, known as the old Bladensburg road, used for all the good citizens of the United States, and their horses, coaches, carts, wagons and carriages, to go, return, pass, repass, ride and labor in, on and along the same at their free will and pleasure, unlawfully and injuriously did obstruct and stop up by pulling and placing a certain wooden fence on and across the said common highway, &c., to the great damage and common nuisance of all

the citizens going and returning, passing, repassing, riding and laboring in and along the said common highway, to the said example of all others in the like case offending and against the peace and government of the United States. P. B. Key, United States Attorney.

He is charged in the indictment with closing the old road leading from Bladensburg to Piscataway, and which runs through his farm on the east side of the eastern branch of the Potomac river, and which, according to the evidence, has not been used as a road for more than twenty years, as there are two good roads leading to the above place, and always kept in good repair by the bridge company.

P. B. Key, for the United States.
Joseph H. Bradley, for defendant.

THE COURT adhered to the decision in the case of U. S. v. Schwartz [Case No. 16,-237], who was charged with the same offence, wherein it was decided that all public roads in the county must be shown as such from the public records of the court, which was not done in this present case. The district attorney entered a nolle prosequi.